**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**-----------------------------------------------------------------X**
**THE UNITED STATES OF AMERICA,**

                                                       **MOTION TO RECONSIDER**
                                                       **AND CONTINUE**

        **-against-**

    **SUSAN LINDAUER,**                                  **Case No. 03 Cr. 807**

                          **Defendant.**
**-----------------------------------------------------------------X**

COMES NOW defendant Susan Lindauer, by and through counsel, and requests that this Court reconsider its Order of December 19, 2007 directing that defendant be admitted for in-patient psychiatric evaluation and continue the hearing scheduled for January 15, 2008 to January 30, 2008.

1.      At a conference on December 19, 2007, the Court ordered that counsel (present counsel had not entered an appearance at that time) and Pretrial Services shall find an in-patient facility where defendant can have an evaluation.  Defendant agreed voluntarily to commit herself for in-patient treatment

2.      Counsel has located two facilities and a forensic psychiatrist who can fulfill that requirement, but counsel requests that the requirement that the in-patient evaluation be reconsidered.

3.      Counsel has obtained the agreement of Dr. Richard Ratner, a well-respected forensic psychiatrist used by both the government and defense, to evaluate defendant either at Georgetown University Hospital or the Psychiatric Institute of Washington.  Both facilities and Dr. Ratner, when told the circumstances, in particular that defendant is functioning well in the community and is not a danger to herself or others, opined that in-patient commitment under

defendant's circumstances, would be highly unusual and unnecessary for performing the evaluation.

4.      Dr. Ratner has stated that he would be able to perform an intensive evaluation of defendant at his office, which is in Washington, D.C., not far from the two facilities and defendant's residence.  He felt that his time could be better  spent seeing her at his office rather than going to either facility—probably the Psychiatric Institute of Washington.  Dr. Ratner believes that the out-patient evaluation will be more efficient and far less costly if he sees her on an intensive basis in his office; he will be able to have her present when he wants her and he will not have to interrupt his office activity to commute to a holding facility to see her.

5.      As the Court knows, defendant has little money, having been found eligible for the Criminal Justice Act.  Counsel has agreed to represent her on a reduced fee basis.  Defendant, who had been working at a temp agency, has recently gotten a permanent job, but has little money.  She had taken in two roomers to help defray expenses and pay the mortgage, but the two renters moved out at the end of December and she has not yet gotten replacements.  In fact, last week her telephone was temporarily disconnected.

6.      Defendant, who has no insurance, has asked her father to finance the evaluation and he has tentatively agreed, primarily because he does not want a repeat of her incarceration at Carswell.  That evaluation will cost about $5,000 if defendant is committed for three days as an in-patient and about $2000 if she can be evaluated on intensive out-patient basis.  It will be easier for defendant's father to finance the in-patient than the out-patient evaluation.

7.      Because the directors of the psychiatric facilities and Dr. Ratner believe that a full evaluation can and should be conducted on an out-patient basis, we request that the Court's

Order of December 19, 2007 be amended to permit an out-patient evaluation.  This will be  more effective than an in-patient evaluation and will be less of a burden on defendant's slim resources.

8.      To the extent that the in-patient evaluation was ordered because there was a belief by the Court that defendant was out of compliance with any conditions of release on bail because of Mr. Marino's report of December 13, 2007, we submit that defendant's behavior, reported not by her counselor but by the administrator of Counseling Plus, Inc., indicated more frustration with the counseling process than any intention to be disruptive.  The administrator wrote:

> Based on Client's observed behavior during the past several months, it is our professional opinion that Ms. Lindauer is not benefiting from the level of care available at Counseling Plus, Inc., and we recommend that she be seen by a. psychiatrist in order to assess her mental health needs and to advice [sic] of appropriate treatment.

9.      Defendant had attended faithfully to her counseling with Dr. Bell, whose primary finding was that defendant had suffered post traumatic stress disorder from her prolonged incarceration at Carswell, not from any other psychological problem.  The Director's recommendation that defendant be seen by a psychiatrist contains no suggestion that defendant needs to be admitted to a hospital for that evaluation.  The two facilities and Dr. Ratner (as well as another psychiatrist counsel has consulted) believe that the most efficacious and least costly in-depth evaluation can be better done on an out-patient basis.

10.      Counsel requests that the hearing scheduled for January 15, 2008 be continued for two weeks so that counsel can either arrange for in-patient or out-patient evaluation.  Counsel has been delayed in his compliance with the Court's Order because of the unusual nature of the evaluation, the holiday season (e.g., the director of the Psychiatric Institute of Washington was in India until this week) and the lack of money.

3

11.      If the Court denies this request to reconsider and requires in-patient evaluation, so long as the money can be found, counsel can arrange for defendant to enter the Psychiatric Institute of Washington on Friday, January 18, 2008 for a three day in-patient stay.  It is important to defendant that she go in on a Friday because her new job, which she was several months in getting, requires her to work Monday through Thursday.  It is important that she retain this job so that she can pay her mortgage and living expenses, as well as to maintain the self-esteem attendant on being self-supporting

12.      If the court permits an out-patient evaluation, the evaluation can be commenced this week or early next, depending on Dr. Ratner's schedule.

Accordingly, defendant requests that the Court reconsider its Order that defendant's evaluation be done on an in-patient basis, permit an out-patient evaluation to be done by Dr. Richard Ratner, and grant an extension of the hearing until January 30, 2008 or such other time as is convenient to the Court and counsel.

Respectfully submitted,

_____/s/_____
Brian W. Shaughnessy
913 M Street, NW, Suite 101
Washington, DC  20001
(202) 842-1700

Attorney for Defendant
Susan Lindauer

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 10th day of January 2008, I caused a copy of the foregoing pleading to be sent via the Court's electronic filing system to Edward O'Callaghan, Esquire, US Attorney's Office, Southern District of New York, One St. Andrews Plaza, New York, NY 10007.

_____/s/_____
Brian W. Shaughnessy

4