```
                                       ┌─────────────────────────────┐
                                       │ USDC SDNY                   │
                                       │ DOCUMENT                    │
UNITED STATES DISTRICT COURT           │ ELECTRONICALLY FILE│        │
SOUTHERN DISTRICT OF NEW YORK          │ DOC #: _____        │
- - - - - - - - - - - - - - - - -x     │ DATE FILED: __/15/09        │
                                       └─────────────────────────────┘
UNITED STATES OF AMERICA           :

        - v. -                     :   NOLLE PROSEQUI

SUSAN LINDAUER,                    :   S2 03 Cr. 807 (LAP)
    a/k/a "Symbol SUSAN,"
                                   :
              Defendant.
- - - - - - - - - - - - - - - - - x
```

1. The filing of this nolle prosequi will dispose of this case with respect to SUSAN LINDAUER, a/k/a "Symbol SUSAN," the defendant.

2. On March 10, 2004, Indictment S2 03 Cr. 807 (LAP) was filed ("Indictment"), charging SUSAN LINDAUER, a/k/a "Symbol SUSAN," the defendant, in four counts.[1]

3. LINDAUER was charged in Counts One and Two of the Indictment with conspiring to serve, and serving, as an unregistered agent of a foreign government — namely, Iraq — in violation of Title 18, United States Code, Sections 371 and 951. These charges concern the period from in or about October 1999, up to and including in or about February 2004, and relate to LINDAUER's acting at the direction of the Iraqi Intelligence Service.

4. LINDAUER was charged in Counts Five and Six of the

---

[1] LINDUAER's two co-defendants, but not LINDAUER, were charged in Counts Three and Four of the Indictment, as well as in Counts Seven through Eleven. The instant application has no bearing on LINDAUER's co-defendants, who have pleaded guilty, been sentenced, and completed their terms of imprisonment.

Indictment with engaging in prohibited financial transactions with Iraq — in violation, as to Count Five, of Title 18, United States Code, Sections 2332d and 2; and in violation, as to Count Six, of Title 50, United States Code, Section 1701 et seq., Executive Orders 12722 and 12724, Title 31, C.F.R. Section 575.207, and Title 18, United States Code, Section 2. These charges concern February and March of 2004, and relate to LINDAUER's receipt of funds from the Government of Iraq, which was then lawfully designated as a state sponsor of terrorism.

5. As discussed below, as a result of information obtained following the return of the Indictment, the Government has determined that the continued prosecution of this case as to LINDAUER would not be in the interests of justice.

6. The captioned case was originally assigned to Chief Judge Michael B. Mukasey.

7. During 2005, Judge Mukasey received two reports ("2005 Reports") with respect to LINDAUER's competence to stand trial. Each of the 2005 Reports concluded that LINDAUER was not competent to stand trial. In light of the 2005 Reports, and by Order dated September 22, 2005 ("Competency Order"), Judge Mukasey found that "the preponderance of the evidence presented to the Court establishes that the defendant is now suffering from a mental disease or defect that renders her mentally incompetent to the extent that she is unable (i) to understand the nature and consequences of the proceedings against her, and (ii) to assist

1093                                                                    2

properly in her own defense."   Competency Order ¶ 2.

8.    Pursuant to the Competency Order, Judge Mukasey directed that LINDAUER be hospitalized at the Federal Medical Center in Carswell, Texas ("Carswell"), "to determine whether there is a substantial probability that in the foreseeable [future] she will attain the capacity to permit a trial."   Id. ¶ 4.

9.    LINDAUER reported to Carswell on or about October 3, 2005.   At Carswell, LINDAUER was assessed by various mental health professionals.   These assessments confirmed that LINDAUER was not competent to stand trial — but suggested that LINDAUER might be rendered competent to stand trial if appropriate medications were administered to her.

10.    LINDAUER refused to take such medications, and by letter dated April 10, 2006, the Government moved for an order permitting involuntary administration of anti-psychotic medication to LINDAUER, pursuant to Sell v. United States, 539 U.S. 166 (2003).   By Opinion and Order dated September 6, 2006, Judge Mukasey denied the Government's motion.   See United States v. Lindauer, 488 F.Supp.2d 558 (S.D.N.Y. 2006).

11.    The captioned case was re-assigned to Judge Loretta A. Preska by Notice of Case Reassignment dated September 8, 2006.

3

12.     By letter dated April 11, 2007, the Government moved for an Order authorizing an updated psychiatric examination of LINDAUER with respect to her competence to stand trial.  The motion was granted by memorandum endorsement dated April 30, 2007.

13.     LINDAUER was then examined by two mental health professionals, and the Court conducted a hearing on September 11, 2008 and September 15, 2008 with respect to LINDAUER's competence to stand trial ("Competency Hearing").

14.     On September 15, 2008, at the close of the Competency Hearing, the Court found that LINDAUER was not competent to stand trial.  The Court concluded that LINDAUER is "presently suffering from a mental disease or defect rendering her mentally incompetent to the extent that she is unable to understand the nature and consequences of the proceedings against her or to assist properly in her defense."  (Transcript, Competency Hearing, at 168:1-4.)

15.     Numerous mental health professionals who have examined LINDAUER have concluded that, although she is not competent to stand trial, she is not a danger to herself or to others.  See Lindauer, 448 F.Supp.2d at 564 ("the uniform view of those who addressed the subject of dangerousness was that . . . Ms. Lindauer is not a danger to herself or to others") (citing reports prepared by various mental health professionals); see generally 18 U.S.C. § 4241(d), § 4245 (describing procedures for

1093                                        4

taking custody of a defendant who is found incompetent to stand trial, but who is "presently suffering from a mental disease or defect" that would, among other things, "create a substantial risk of bodily injury to another person"). In addition, Doctor Stuart B. Kleinman — a psychiatrist who has interviewed LINDAUER on numerous occasions during the period from 2005 through 2008, and who testified as an expert at the Competency Hearing — has recently informed the Government that LINDAUER, in his view, is not now a danger to herself or to others.

16. In light of the foregoing, I recommend that an order of nolle prosequi be filed as to SUSAN LINDAUER, a/k/a "Symbol SUSAN," the defendant, with respect to Indictment S2 03 Cr. 807 (LAP).

Dated:     New York, New York
           January __, 2009

Michael Farbiarz
Assistant United States Attorney
Telephone Number: (212) 637-1587

Upon the foregoing recommendation, I hereby direct, with leave of the Court, that an order of <u>nolle prosequi</u> be filed as to SUSAN LINDAUER, a/k/a "Symbol SUSAN," the defendant, with respect to Indictment S2 03 Cr. 807 (LAP).

LEV L. DASSIN
Acting United States Attorney
Southern District of New York

Dated:     New York, New York
           January 13, 2009

SO ORDERED:

HONORABLE LORETTA A. PRESKA
United States District Judge
Southern District of New York

Dated:     New York, New York
           January 15 2009